IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VOLTAGE PICTURES, LLC,

        Plaintiff,

v.

DOES 1-10,

        Defendants.

ORDER

13-cv-281-bbc

---

In this civil lawsuit, plaintiff Voltage Pictures, LLC has alleged that defendants Does 1 - 10 have violated plaintiff's copyright on the motion picture "Maximum Conviction." Currently before the court are motions and objections from Doe defendants Nos. 5, 6 (by counsel) and a "Jane Doe" who identifies herself by name but not by number, objecting to plaintiff's subpoena to the Doe defendants' internet service provider to learn the identity of the Doe defendants in this lawsuit. *See* dkts. 11, 12 and 17.[1]

On August 13, 2013, Chief Judge William M. Conley entered orders addressing these same issues in two similar cases: *Breaking Glass Pictures, LLC v. Does 1 - 15*, 13-cv-275 wmc (dkt. 12) and *TCYK, LLC v. Does 1- 13*, 13-cv-296 (dkt. 14). I agree with and adopt the court's reasoning and conclusions in those two orders. As a result, no Doe defendant is entitled to have plaintiff's subpoena to an ISP quashed, but each Doe defendant is entitled to have his/her identity sealed and maintained in confidence pending further order of this court in this case. This order applies to all Doe defendants in this lawsuit, including those who have not filed objections or motions to quash.

---

[1] As a ground to quash, defendant John Doe # 6 cites to his motion to dismiss the lawsuit against him for improper joinder (dkt. 18). Pursuant to F.R. Civ. Pro. 21, "Misjoinder of parties is not a ground for dismissing an action." To the extent that John Doe # 6 wishes to pursue his motion to dismiss as a motion for severance, he may do so. However, he is not entitled to quash plaintiff's subpoena to his ISP on this basis.

ORDER

IT IS ORDERED THAT:

(1) To the extent that the Doe defendants have filed objections that seek to quash, and actual motions to quash the subpoenas issued by plaintiff to internet service providers in this lawsuit, those objections and motions are DENIED.

(2) To the extent that these objections and motions by Doe defendants were intended to seek a protective order maintaining the confidentiality of a Doe defendant's identity, those objections and motions are GRANTED.

(3) The internet service providers who have been served subpoenas seeking the identity of Doe defendants in this lawsuit shall comply to these subpoenas on a confidential basis to plaintiff's counsel– on an attorney's eyes only basis for now–and to each Doe defendant separately and individually.

(4) Plaintiff's attorneys are prohibited from disclosing any identifying information of any Doe defendant except in a document filed under seal with the court, unless plaintiff first obtains express leave from this court.

(5) The Clerk of Court shall seal docket No. 12; plaintiff forthwith shall advise the court which "Doe" number applies to this defendant; then the court will re-title this defendant's objection by her Doe number.

Entered this 19th day of August, 2013.

\

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2